Filed 8/1/13  Lionel v. Lionel CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MARION HELEN DeMELLO LIONEL, | B239451 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PQ012729) |
| v. | |
| EVAN LIONEL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Steff R. Padilla, Juvenile Court Referee.  Affirmed.

Evan Lionel, in pro. per., for Defendant and Appellant.

Leigh Datzker for Plaintiff and Respondent.

\* \* \* \* \* \*

Pursuant to the Domestic Violence Prevention Act (DVPA) (Fam. Code, § 6200 et seq.),[1] the trial court granted plaintiff and respondent Marion Helen DeMello Lionel's (Marion) application for a domestic violence restraining order against defendant and appellant Evan Lionel. Appellant contends that the evidence was insufficient to support the issuance of the order. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

At all relevant times, appellant and Marion were husband and wife. In 2011, they had three children between the ages of three and ten. During the preceding 14 years, appellant threatened to kill Marion several times and dragged her around on at least one occasion. She stayed with him for the children's sake.

On the morning of November 30, 2011, appellant slammed Marion's head into the stone floor in the garage. After the incident, Marion drove her son to school and then went to an urgent care facility for treatment. The examination revealed bruises on her leg, neck spasms and contusions on her head, and she was diagnosed as having a concussion. She was advised to get a CAT scan, and that test revealed bruising but no internal bleeding. Following the advice of hospital staff, Marion went straight to the police upon release; they issued an emergency protective order and arrested appellant. Ultimately, no criminal charges against appellant resulted from the incident.

Marion applied for a domestic violence restraining order against appellant. A hearing on the matter commenced on February 8, 2012. Marion and appellant testified, and appellant called several individuals who testified about his parenting ability and relationship with the children. Appellant denied that the incident had occurred. On February 10, 2012, the trial court found that the evidence satisfied the statutory requirements for the issuance of a domestic violence restraining order and issued a five-year restraining order requiring appellant to stay at least 100 yards away from Marion and the children at places they frequent. The order further prevented appellant from harassing

---

[1]  Unless otherwise indicated, all further statutory references are to the Family Code.

or contacting Marion and the children through any means.  Attachments to the order included a provision for child custody which awarded legal and physical custody of the children to Marion, and a visitation order permitting appellant monitored visitation with the children under specified conditions.

This appeal followed.[2]

## DISCUSSION

The purpose of the DVPA is to "'prevent the recurrence of acts of violence and sexual abuse and to provide for a separation of the persons involved in the domestic violence for a period sufficient to enable these persons to seek a resolution of the causes of the violence.' [Citation.]" (*Quintana v. Guijosa* (2003) 107 Cal.App.4th 1077, 1079.) "The Legislature has set forth the relevant factors in Family Code section 6300, by providing that a domestic violence restraining order may be issued 'if an affidavit shows, to the satisfaction of the court, reasonable proof of a past act or acts of abuse.'" (*Ibid*.; accord, *Nakamura v. Parker* (2007) 156 Cal.App.4th 327, 334.)  Abuse is defined as intentionally or recklessly causing or attempting to cause bodily injury, sexual assault, or placing a person "in 'reasonable apprehension of imminent serious bodily injury'" to that person or to another.  (*Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 421, quoting § 6203.)  Courts construe the DVPA liberally, and may issue a domestic violence restraining order when the applicant makes the requisite showing by a preponderance of the evidence.  (*Gdowski v. Gdowski* (2009) 175 Cal.App.4th 128, 137.)

We review the issuance of a domestic violence restraining order for an abuse of discretion.  (*Gonzalez v. Munoz, supra*, 156 Cal.App.4th at p. 420.)  "'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason.  When two or more inferences can reasonably be deduced from the facts, the reviewing

---

[2]     A restraining order issued under the DVPA is in the nature of an order granting an injunction and is therefore appealable.  (Code Civ. Proc., § 904.1, subd. (a)(6); cf. *McLellan v. McLellan* (1972) 23 Cal.App.3d 343, 357 [temporary restraining order is separately appealable].)

3

court has no authority to substitute its decision for that of the trial court.' [Citation.]" (*Ibid.*)

Appellant argues that the trial court abused its discretion in issuing the restraining order because there was insufficient evidence to support it. At the outset, we note that because a trial court's decision is presumed to be correct, it is the appellant's burden on appeal to show that the trial court prejudicially erred. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141; *Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 631–632.) As part of that burden, the appellant must provide an adequate record for review, and "[b]y failing to provide an adequate record, appellant cannot meet his burden to show error and we must resolve any challenge to the order against him. [Citation.]" (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.) Here, appellant challenges the veracity of the statements provided by Marion in her application for a restraining order and the inferences to be drawn from her medical records that were admitted as exhibits during the hearing. But he did not identify the application as a document to be included in the clerk's transcript, nor did he check the box indicating that he requested the exhibits he did identify to be included in the clerk's transcript. Although we could affirm the order on the basis that appellant has failed to provide a sufficient record for review, we will address the merits of appellant's challenges and refer to the records he has attached to his briefs.

At the conclusion of the hearing, the trial court explained that the evidence showed a domestic violence restraining order was necessary to prevent the recurrence of domestic violence. It concluded any abuse would satisfy the definition of domestic violence because appellant and Marion were husband and wife. (See § 6211, subd. (a) [domestic violence includes abuse perpetrated against a spouse].) It further concluded that the evidence demonstrated that "abuse" had occurred within the meaning of the DVPA. (See § 6203, subd. (a) ["'abuse' means . . . [¶] (a) [i]ntentionally or recklessly to cause or attempt to cause bodily injury"].) Expressly finding Marion's testimony and her medical records more credible than the testimony offered by appellant and his witnesses, the trial court determined the evidence showed Marion suffered a concussion as the result of

4

appellant's bashing her head against the concrete garage floor. Addressing a theme in appellant's closing argument, the trial court expressly found that Marion was not using the domestic violence restraining order process as a means to facilitate her obtaining custody of the children. Finally, the trial court determined the evidence showed that Marion was reasonably in fear of further abuse, and therefore a domestic violence restraining order was warranted.

Appellant argues there was insufficient evidence to show that Marion suffered a concussion. He points specifically to evidence that he characterizes as inconsistent with her suffering a concussion, the sum of which was a statement in the police report that Marion did not have visible injuries, a radiologist's report showing that Marion's cervical spine was normal, Marion's testimony that she drove herself to urgent care and the lack of evidence of "typical" concussion symptoms. But he ignores the evidence on which the trial court relied, including Marion's testimony about the abuse and a medical report confirming the diagnosis of a concussion. Essentially, appellant's claim that there is no evidentiary support for the restraining order is nothing more than a request for us to reweigh the evidence. As an appellate court, we do not reweigh the evidence or second-guess witness credibility. (*In re Marriage of Balcof* (2006) 141 Cal.App.4th 1509, 1531; *Johnson v. Pratt & Whitney Canada, Inc.* (1994) 28 Cal.App.4th 613, 622–623; *In re Marriage of Dick* (1993) 15 Cal.App.4th 144, 160.) The trial court found credible both Marion's testimony and the medical records it admitted into evidence, and we conclude the evidence considered by the trial court amounted to substantial evidence of a past act of violence sufficient to support the issuance of a domestic violence restraining order. Appellant failed to meet his burden to demonstrate any abuse of discretion.

## DISPOSITION

The order is affirmed.  Marion is entitled to her costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J. *

           FERNS

We concur:


_____, P. J.

    BOREN


_____, J.

    ASHMANN-GERST

---

\*    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.